IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR123 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMAAL A. MCNEIL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court are defendant's motion and supporting affidavit, Filing No. 85. Defendant objects to the court's order continuing trial and setting trial for April 30, 2007; he requests withdrawal of his notice of insanity defense; and he asks the court to quash defendant's trial brief and motion for special verdict, Filing No. 75, and the court's previous order taking defendant's motion for special verdict under advisement, Filing No. 76.

At a hearing held yesterday, March 26, 2007, defendant reasserted his insanity defense. The insanity defense is an affirmative defense and requires a defendant to prove by clear and convincing evidence that "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17 (2007). Following the assassination attempt on the life of President Reagan in 1984, Congress enacted the Insanity Defense Reform Act of 1984, "to restrict the definition of insanity, to place the burden of proving the defense of insanity on the defendant, to heighten the standard to clear and convincing, and to limit the scope of expert testimony." *United States v. Sanchez-Ramirez*, 432 F. Supp. 2d 145, 147 (D. Me. 2006); *United States v. Hill*, 750 F. Supp. 524, 526-527 (D. Ga. 1990).

If the insanity has been properly asserted, "a federal criminal defendant is due a jury instruction on insanity when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity." *United States v. Owens*, 854 F.2d 432, 435 (11th Cir. 1988). "Clear and convincing evidence" is an intermediate standard of proof that lies somewhere between "proof by a preponderance of the evidence" and "proof beyond a reasonable doubt." *Owens*, 854 F.2d at 436 n.8. "The trial court is not required to instruct the jury on a defense theory if the evidence is insufficient as a matter of law for the defendant to prevail on that theory." *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986). In this case, after the government has set forth its case and if the defendant raises sufficient evidence that would support the giving of an instruction on insanity, the government may produce rebuttal witnesses regarding defendant's insanity defense.

Defendant has vacillated on his decision to assert the insanity defense. The court has held hearings and continued trial; the court will not entertain further ambivalence and will proceed to trial on April 30, 2007. Defendant may proceed on his insanity defense or not; the burden remains on the defendant to prove such a defense by clear and convincing evidence. Therefore, the court denies the defendant's motion and will address any further issues regarding the insanity defense at trial. Defendant's motion, Filing No. 85, is denied, and Filing No. 75 is denied as moot and without merit.

SO ORDERED.

DATED this 27th day of March, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Judge