IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR123 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMAAL A. MCNEIL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Jamaal A. McNeil's petition for writ of mandamus with the Eighth Circuit Court of Appeals.  Case No. 07-2465.  The Eighth Circuit has asked this court to respond to the petition for mandamus.  In his writ of mandamus, defendant asks the Eighth Circuit to compel this court to release him from custody at the Douglas County Correctional Center.

Defendant decided to represent himself in this matter, and the court accepted Federal Public Defender Jeffrey L. Thomas's motion to withdraw from this case on February 28, 2007. Defendant thereafter vacillated on his decision to assert the insanity defense, and the court held hearings and continued trial so that defendant could assert his insanity defense.  A few days before trial, defendant moved to withdraw his insanity defense and the court stated that "[d]efendant may proceed on his insanity defense or not; the burden remains on the defendant to prove such a defense by clear and convincing evidence. . . .  The court denies the defendant's motion and will address any further issues regarding the insanity defense at trial." Filing No. 86, 8:06CR123.

The defendant represented himself at his trial commencing April 30, 2007, and Jeffrey L. Thomas remained as defendant's standby counsel.  Defendant did not assert the insanity

defense at trial, nor did he put on any expert witnesses for such a defense.  The jury found the defendant guilty of possession with intent to distribute at least ten grams but less than twenty grams of a substance or mixture containing a detectable amount of cocaine base, as charged in Count I of the indictment.  Defendant is scheduled to be sentenced on August 1, 2007.

Since trial ended, defendant has filed several motions asserting that the court abused its discretion by granting defendant's motion to assert the insanity defense and by denying defendant's motion to withdraw his insanity defense.  The court's orders in response have explained to the defendant that it was his burden to assert the insanity defense if he chose to do so, and because he did not assert the insanity defense at trial, the issue is moot. Defendant continually asks the court to release him from custody and to grant his subpoena requests, and the court denies defendant's requests as without merit.  Defendant also filed a § 2255 motion that the court denied without prejudice because the defendant has not been sentenced.  It is this court's belief that defendant's current request to the Eighth Circuit for release from custody is without merit and has no basis in law.

The court directs the Clerk of Court to send a copy of this response to the parties in this case, and to the office of Michael E. Gans, Eighth Circuit U.S. Court of Appeals Clerks Office, pursuant to Filing No. 128.

DATED this 29th day of June, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief U.S. District Judge

2