IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR123 |
| | ) | |
| v. | ) | |
| | ) | SENTENCING MEMORANDUM |
| JAMAAL A. MCNEIL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This order is issued in accordance with the court's sentencing of defendant Jamaal A. McNeil on August 1, 2007. Filing No. 140. On May 1, 2007, a jury convicted Mr. McNeil of possession with intent to distribute at least ten grams, but less than twenty grams, of a mixture or substance containing a detectable amount of cocaine base. Filing No. 102. At the sentencing hearing, the court adopted the presentence investigation report and determined that with an applicable offense level of thirty-seven and a criminal history category of VI, the Sentencing Guidelines mandated a sentencing range of 360 months to life. The court sentenced Mr. McNeil to 120 months and eight years of supervised release.

Following the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), district courts must apply a two-step analysis in reviewing a sentence for reasonableness. First, the court must determine whether the sentence is procedurally reasonable and, if so, whether the sentence is reasonable from a substantive perspective. To impose a procedurally reasonable sentence, a court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a). *United States v. Goldsmith*, 486 F.3d 404, 407 (8th Cir. 2007). If the court determines that the sentence is procedurally

reasonable, then it must be considered presumptively reasonable from a substantive perspective.  *Goldsmith*, 486 F.3d at 407.  A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case.  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

The Sentencing Guidelines provide that mental and emotional conditions are "not ordinarily relevant" in determining whether a departure is appropriate, except as provided in Chapter 5, Part K, Subpart 2 of the Guidelines, which deals with other grounds for departure.  *See* U.S.S.G. § 5H1.3.  Under the Guidelines, a defendant's diminished mental capacity may warrant a downward departure in some cases.  U.S.S.G. § 5K2.13 provides that the court may depart below the Guideline range if the defendant committed the offense while suffering from a significantly reduced mental capacity and the significantly reduced mental capacity contributed substantially to the commission of the offense.  This guideline further provides that departure is not appropriate if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or the defendant's criminal history indicates a need to incarcerate the defendant to protect the public."

The application note to § 5K2.13 defines "significantly reduced mental capacity" as "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."  U.S.S.G. § 5K2.13 cmt. 1.  In the case at bar, Mr. McNeil had undergone four psychiatric evaluations prior to trial.  Those evaluations indicate that Mr. McNeil has delusional disorder, cannabis dependence, and a combination of schizotypal and antisocial personality disorders.  One mental health evaluation stated that

Mr. McNeil suffers from "A fixed grandiose delusional belief system . . . [that] appears to have been of long standing."

At hearings, at trial, and in Mr. McNeil's motions, the court has observed Mr. McNeil's inability to comprehend the wrongfulness of his behavior. Mr. McNeil continues to assert his innocence due to his possession of a tax stamp - a "get out of jail free card" that Mr. McNeil believes legitimatizes his drug transactions. In fact, at trial, Mr. McNeil, who represented himself, informed the jury that he was good drug dealer and one that the jury could trust with their prospective drug purchases. To that end, the court finds that Mr. McNeil committed the offense in this case while suffering from a significantly reduced mental capacity. Also, his significantly reduced mental capacity contributed substantially to the commission of the offense. Given Mr. McNeil's mental status and the unusual behavior this court has observed, the court finds that Mr. McNeil falls within the diminished capacity departure contemplated by the Guidelines. The court finds that the first two criteria of § 5K2.13 are satisfied, and Mr. McNeil's case is unusual, justifying a departure from the Guideline range.

At Mr. McNeil's sentencing hearing, the government's attorney, Jennie Dugan-Henrichs, argued that departure was not warranted due to a need to protect the public. The court disagrees and finds that this offense conduct did not pose or involve a serious threat of violence. To be serious, the threat must have presented some real risk that Mr. McNeil presented to the public. Mr. McNeil was charged and convicted of the crime of possessing with intent to distribute cocaine base. The court does not intend to diminish the impact drugs have on a community, but the real assessment the court must make is whether this offense presented a threat of violence, and the court finds that it did not.

While the government argues that Mr. McNeil's criminal history demonstrates a threat to the public, the court finds that the government is overreaching in its rationale. Specifically, at the sentencing hearing, the government asserted that in the past, Mr. McNeil has among other things, fled the scene of an accident, evaded and refused to cooperate with law enforcement officers, and driven recklessly.  While these are certainly not admirable occurrences in Mr. McNeil's criminal history, the court does not find that these offenses demonstrate a need to incarcerate the defendant to protect the public.  As the court noted at the sentencing hearing in this case, Mr. McNeil withstood trial for the offense of possession with intent to distribute cocaine base.  If the government truly thought Mr. McNeil possessed an overwhelming risk to the public sufficient to negate application of a departure under § 5K2.13, the government should have brought corresponding charges.  The court will not now sentence Mr. McNeil for his past actions on the government's bold assertion that Mr. McNeil generally poses a threat to the public.

In the case of *United States v. Rivera*, 994 F.2d 942, 948 (1st Cir. 1993), the now Justice Breyer listed diminished capacity under § 5K2.13 as an "encouraged" ground for departure.  The court finds that such a departure is warranted in this case and sentences the defendant to the terms set forth herein and at the sentencing hearing.

SO ORDERED.

DATED this 9th day of August, 2007.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief U.S. District Judge