IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR123 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMAAL A. MCNEIL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the following motions of defendant Jamaal A. McNeil: Motion for Writ of Habeas Corpus with Supporting Affidavit, Filing No. 159; Motion to Subpoena Documents, Filing No. 160; Motion to Object, Etc. Suppress and Dismiss, Filing No. 161; Motion for Summary Judgment, Filing No. 162; and Motion for Leave to Proceed In Forma Pauperis, Filing No. 163. This court entered an order on February 13, 2008, providing the defendant time to amend or withdraw his pleadings.

Defendant then responded, Filing No. 167, stating that if the Bureau of Prisons was going to release him in March, he did not want to continue with this case. If, however, he was not going to be released, he wanted to amend his petition. *Id.*

Next, the defendant filed a Motion to Withdraw Pleadings 160, 161, 162, 163, and 165, Filing No. 168 (and copy filed at 180); Motion to Issue Subpoena, Filing No. 170; Motion to Object and Motion to Suppress filed by defendant Jamaal A. McNeil, Filing No. 171; Motion for summary judgment (declaratory judgment) to dismiss the case, Filing No. 173; Motion to Compel the United States to Release the Defendant from Custody, Filing No. 175; Writ of Coram Nobias, Filing No. 177; and an additional Motion for Leave to Proceed In Forma Pauperis, Filing No. 178.

On March 26, 2008, this court ordered the Clerk of Court to send the official § 2255 forms to the defendant and gave the defendant sixty days to timely file the forms. Filing No. 179.  Failure to do so would result in dismissal of defendant's current motions and pleadings.  *Id.*  As of this date, the defendant has not filed amended § 2255 forms. However, he filed a Petition for Mandamus with the 8th Circuit, Filing No. 181.  The Eighth Circuit considered his request for mandamus relief and denied the same.  Filing Nos. 183 and 184.

On May 1, 2007, a jury convicted McNeil of possession with intent to distribute at least ten grams, but less than twenty grams, of a mixture or substance containing a detectable amount of cocaine base. Filing No. 102. At the sentencing hearing, the court adopted the presentence investigation report and determined that with an applicable offense level of 37 and a criminal history category of VI, the Sentencing Guidelines mandated a sentencing range of 360 months to life. The court sentenced McNeil to 120 months and eight years of supervised release.  Filing No. 144.

**Coram Nobis**

A Petition for Writ of Error Coram Nobis seeks relief under the All Writs Act, or 28 U.S.C. § 1651,[1] which authorizes federal courts to grant the common law writ of error

---

[1] The All Writs Act provides:

    (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

    (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651 (2006).

coram nobis. *See Fleming v. United States*, 146 F.3d 88, 89 (2d Cir.1998) (citing *United States v. Morgan,* 346 U.S. 502 (1954)). "Coram nobis is essentially a remedy of last resort for petitioners who are *no longer in custody* pursuant to a criminal conviction and, therefore, cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Id*. at 89-90 (emphasis added).

McNeil is in federal custody, and the Eighth Circuit precludes coram nobis relief to a federal prisoner. *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Kindle*, 88 F.3d 535, 536 (8th Cir. 1996); *Zabel v. United States Attorney,* 829 F.2d 15, 17 (8th Cir. 1987). Additionally, "the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id*. (citing, *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).  In this case, the relief that McNeil seeks is available under 28 U.S.C. § 2255.[2] Therefore, the court will deem the filings as § 2255 filings.

The defendant's pleadings indicate two primary grounds for his § 2255 relief: (1) because of the determination that he has diminished capacity, he would be released after six months under 18 U.S.C. § 3288 and 3289, and that is why he did not appeal his

---

[2] The federal habeas corpus statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006).

3

sentence; and (2) the Nebraska Tax Stamp Statute provides a defense to the underlying charges. Filing No. 159.

Contrary to McNeil's assertion, 18 U.S.C. §§ 3288 and 3289, which provide a statute of limitations for dismissed felony charges, is inapplicable to the facts of this case. The defendant was convicted under the original indictment filed in this matter and there is no evidence that it was untimely. Further, as this court has ruled repeatedly. Even if the defendant did comply with the Nebraska Tax Stamp Act, that is not a defense to the underlying charges. The Tax Stamp Act levies an excise tax that targets the use or sale of controlled substances. *State v. Garza*, 242 Neb. 573, 585 (Neb. 1993). Nebraska Revised Statute Section 77-4309 provides that

> [a] dealer distributing or possessing marijuana or a controlled substance without affixing the official stamp, label, or other indicium shall be guilty of a Class IV felony. Notwithstanding any other provision of the criminal laws of this state, an indictment may be found and filed or an information or complaint filed upon any criminal offense specified in this section in the proper court within six years after the commission of such offense.

Neb. Rev. Stat. § 77-4309 (2007). The drug tax stamp requirement applies to any "dealer," defined by Nebraska Revised Statute Section 77-4301 as "a person who, in violation of Nebraska law, manufactures, produces, ships, transports, or imports into Nebraska or in any manner acquires or possesses six or more ounces of marijuana, seven or more grams of any controlled substance which is sold by weight, or ten or more dosage units of any controlled substance which is not sold by weight[.]" Neb. Rev. Stat. § 77-4301 (2007). Section 77-4303 imposes a tax based on weight or dosage unit of marijuana or controlled substances, and section 77-4305 provides that the tax is due and payable immediately upon acquisition or possession of a controlled substance. *Boll v. Dep't of Revenue*, 528

N.W.2d 300, 302 (Neb. 1995). The Tax Commissioner assesses the appropriate tax and penalties on individuals who fail to pay the drug tax. *Id*.

The Tax Stamp Act is directed at the activities of individuals holding relatively large amounts of the substances who will engage in either the distribution or large-scale consumption of the substances. *Garza*, 242 Neb. at 585. The Legislature enacted the Tax Stamp Act to create ***additional*** penalties for the crime of failure to affix a drug tax stamp, thereby recognizing that the drug tax stamp requirement applies against a person who is also in violation of a separate criminal law. *State v. Detweiler*, 544 N.W.2d 83, 92 (Neb. 1996). "The Legislature intended that defendants would be subject to cumulative punishments for the separate offenses of possession with intent to deliver and failure to affix a drug tax stamp." *Id*. Compliance with the Tax Stamp Act is not a defense to crime to which the defendant was convicted, possession with intent to distribute cocaine base (i.e., crack cocaine) in violation of 21 U.S.C. § 841(a)(1), but instead is a separate crime with which the defendant could have been charged, but was not.

The court has reviewed the record regarding the defendant's remaining claims and finds them to be without merit.

IT IS ORDERED:

1. That the following motions filed by Jamaal A. McNeil are granted:

    a. Motion for Leave to Proceed In Forma Pauperis, Filing No. 163; and

    b. Motion for Leave to Proceed In Forma Pauperis, Filing No. 178.

2. That the following motions filed by Jamaal A. McNeil are denied:

    a. Motion for Writ of Habeas Corpus with Supporting Affidavit, Filing No. 159;

      b.      Motion to Subpoena Documents, Filing No. 160;

      c.      Motion to Object, Etc. Suppress and Dismiss, Filing No. 161;

      d.      Motion for Summary Judgment, Filing No. 162;

      e.      Motion to Withdraw Pleadings 160, 161, 162, 163, and 165, Filing No. 168 (and copy filed at 180);

      f.      Motion to Issue Subpoena, Filing No. 170;

      g.      Motion to Object and Motion to Suppress, Filing No. 171;

      h.      Motion for Summary Judgment (Declaratory Judgment) to Dismiss the Case, Filing No. 173;

      i.      Motion to Compel the United States to Release the Defendant from Custody, Filing No. 175;

      j.      Writ of Coram Nobias, Filing No. 177.

DATED this 22nd day of August, 2008.

                              BY THE COURT:

                              s/ Joseph F. Bataillon  
                              Chief United States District Judge